United States Courts
Southern District of Texas
FILED

OCT 1 0 2017

David J. Bradley, Clerk of Court

No. _____

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

JONATHAN LAMAR MILLER,

Plaintiff,

v.

MICHAEL KELLEY, Individually and as an agent and/or employee of PRAIRIE VIEW CITY POLICE DEPARTMENT; PENNY GOODIE, Individually and as an agent and/or employee of PRAIRIE VIEW CITY POLICE DEPARTMENT; PRAIRIE VIEW CITY POLICE DEPARTMENT, and CITY OF PRAIRIE VIEW,

Defendants.

17 CV 3026

## COMPLAINT AT LAW

Now comes the Plaintiff, JONATHAN MILLER, and in support states as follows:

### Index of Counts

Count I – Michael Kelley – 42 U.S.C. § 1983

Count II – Michael Kelley – Assault and Battery

Count III - Michael Kelley – Willful and Wanton Conduct – Official Oppression

Count IV – Prairie View City Police Department - Vicarious Liability for Michael Kelley's Willful

and Wanton Conduct – Official Oppression

1

Count V – Penny Goodie – 42 U.S.C. § 1983

Count VI - Penny Goodie – Willful and Wanton Conduct – Aiding and Abetting

Count VII – Prairie View City Police Department – Vicarious Liability for Penny Goodies' Willful and Wanton Conduct – Aiding and Abetting

Count XIII – City of Prairie View – Vicarious Liability for Michael Kelley and Penny Goodies' Willful and Wanton Conduct.

## Parties

1.      Plaintiff Jonathan Miller, is a person of the full age of majority, a resident of Houston, Harris County, Texas and sues on his own behalf.

2.      Defendant Michael Kelley, is a resident of Texas, and at the time of the incident Alleged in this suit was a Law Enforcement Officer for Prairie View City Police Department and at all times relevant to this cause, was operating in the course and scope of his agency and/or employment relationship with the Prairie View City Police Department.

3.      Defendant the Prairie View City Police Department, is located at 44500 Highway 290 Business, Waller, TX 77484. Defendant Prairie View City Police Department, employed persons including Defendant Michael Kelley and other deputies who, in the course and scope of their employment, were to enforce the law in the City of Prairie View.

4.      Defendant City of Prairie View is located at 836 Austin Street, Hempstead, in the County of Waller, Texas. Defendant City of Prairie View employed persons including Michael Kelley and Penny Goodie, and other deputies who, in the course and scope of their employment, to enforce the laws in the county and maintain public security.

2

5. At all times material throughout this complaint, Defendant Michael Kelley acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Prairie View City Police Department.

6. At all times material throughout this complaint, Defendant Penny Goodie, acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Prairie View City Police Department.

## Jurisdiction

7. This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

8. Venue is appropriate in the Southern District of Texas under 28 U.S.C. § 1391 as Defendants reside, and the acts complained of arose, in the Southern District of Texas.

## Facts Common to All Counts

9. On or about October 8, 2015, Michael Kelley (Kelley), was employed as a Police Officer with the Prairie View City Police Department.

10. On or about October 8, 2015, Penny Goodie (Goodie), was employed as a Police Officer with the Prairie View City Police Department

11. 11. On or about October 8, 2015, Jonathan Miller (Miller), was a member of the City

3

Council of the City of Prairie View, Texas.

12.     On or about October 8, 2015, Miller, along with three of his Omega Psi Phi fraternity brothers, had just completed a homecoming community clean-up campaign in conjunction with and at least 100 students from Prairie View University in the city of Prairie View.

13.     On or about October 8, 2015, After the cleanup, Miller and his three friends returned to Miller's apartment located at 714 Hargest St., Prairie View Texas, 77446, to prepare for a fraternity recruitment function later that month.

14.     On or about October 8, 2015, Miller's fraternity brothers returned outside to practice for the event, while Miller stayed inside his apartment to rest.

15.     On or about October 8, 2015, not long after Miller's friends had gone outside, two of Miller's friends knocked on the door to Miller's apartment and as Miller opened the door, he saw flashing police lights and proceeded to go outside to investigate.

16.     On or about October 8, 2015, Prairie View City Police Officer Pennie Goodie, was talking to Miller's friends and as they were his invitees, Miller wanted to see what was going on.

17.     On or about October 8, 2015, Miller, who had plenty of conversations with Goodie in the past in his position as a city councilmember, felt comfortable in asking Goodie the reason for his guest being questioned and detained.

18.     On or about October 8, 2015, Goodie responded to Miller by stating that she saw a

4

suspicious looking group and she wanted to make sure they weren't over here smoking because "this is a known drug area and little girls and little boys come over here to do God knows what. "

19. On or about October 8, 2015, Miller expressed to Goodie that these were his guest and that they were degreed and Masters level engineering professionals and that there was no problem.

20. On or about October 8, 2015, Miller also expressed that he was concerned when he saw the lights to her car and that was why he came out.

21. On or about October 8, 2015, Miller was still standing near Goodie when Officer Michael Kelley approached the scene and asked officer Goodie if Miller was being identified.

22. On or about October 8, 2015, Goodie told Kelley that Miller was not being identified.

23. On or about October 8, 2015, Kelley asked Miller to step to the side.

24. On or about October 8, 2015, Kelley tells Miller to "Go over there before you go to jail for interfering."

25. On or before October 8, 2015, Kelley tells Miller, "Go back there to the end man. You always starting problems, so go back over there."

26.     On or about October 8, 2015, Miller complied and walked about 20-30 feet away from the scene.

27.     On or about October 8, 2015, Kelley tells Miller to walk away even further.

28.     On or about October 8, 2015, Miller walked away again and about 15 feet away from his front door step and expressed to Kelley that he lived at the apartment that he was now in front of and just wanted to look in on what was going on with his guest.

29.     On or about October 8, 2015 after a short discussion Kelley tells Miller to leave the scene before he goes to jail for interfering, then Kelley steps toward Miller, and reaches out to him.

30.     On or about October 8, 2015 Miller remains quiet and does not move further.

31.     On or about October 8, 2015, Officer Kelly grabs Miller's arms, Miller immediately puts his hands in the air and asks Kelley to get his hands off of him.

32.     On or about October 8, 2015, Miller asks Kelley what had he done?

33.     On or about October 8, 2015, Kelley does not respond to Miller's question.

34.     On or about October 8, 2015, Kelley grabs Miller's arm and throws Miller to the ground.

35.     On or about October 8, 2015, Kelly proceeds to place handcuffs on Miller.

36.     On or about October 8, 2015, Miller tenses up while on his knees and with his back to Kelley.

37.     On or about October 8, 2015, Goodie tells Miller to quit resisting.

6

38.     On or about October 8, 2015, Goodie asks Kelley not to taser Miller.

39.     On or about October 8, 2015, Goodie tells Miller that he is not doing what he was being told to do and therefore Kelley was going to have to taser him.

40.     On or about October 8, 2015,Kelley instructs Goodie to step back.

41.     On or about October 8, 2015,Goodie steps back as Kelley has instructed her to.

42.     On or about October 8, 2015, Miller is tasered by Kelley.

43.     On or about October 8, 2015, Miller while on his knees, falls to the ground and screaming in pain.

44.     On or about October 8, 2015, paramedics arrive to the scene.

45.     On or about October 8, 2015, paramedics remove two barbs that had been injected into Miller's back  after Kelley tasers him.

46.     On or about October 8, 2015, Miller is placed under arrest and charged with interfering with police duties and resisting arrest.

47.     On or about October 8, 2015, Miller is taken to the Waller County Jail.

48.     On or about October 9, 2015, Miller is admonished by the Waller County Magistrate and charged with INTERFERENCE WITH PUBLIC DUTIES.

49.     On or about October 9, 2015, Miller is admonished by the Waller County Magistrate and charged with RESISTING ARREST SEARCH OR TRANSPORT.

50.     On or about October 9, 2015, Miller is assessed a $1000.00 bond on each criminal charge.

51.     On or about October 9, 2015 Miller is released, on a personal recognizance bond from Waller County jail at approximately 10:00 am the next morning.

52.    On or about October 9, 2015, Miller goes to the Emergency Room of the North Cypress Medical Center where he is treated for his pain and injuries, prescribed medication and is released.

53.    On or about October 8 – 9, 2015, Michael Kelley was acting as an agent and/or employee of the Prairie View City Police Department.

54.    On or about October 8 - 9 2015, Penny Goodie was acting as an agent and/or employee of the Prairie View City Police Department.

55. .    On or about October 9, 2015, Michael Kelley falsifies an allegation of assault on a public servant to the Prairie View Police Chief, falsely claiming that Miller had become combative against He and Officer Goodie and as justification for tasering Miller and taking him into custody, in violation of Miller's constitutional rights..

### Count I

### Michael Kelley - 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-56 of the Complaint.

66.    On or about October 8, 2015, Prairie View City knew or should have known that Defendant Michael Kelley exhibited a pattern of escalating encounters with the public.

67.    On or about October 8, 2015, Defendant Kelley acted under color of law.

68.    In the events alleged above, Defendant Kelley acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Jonathan Miller of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

69.    The above-described acts and omissions by Defendant Kelley

8

demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Miller.

70.    As a result of, Defendant Kelley's violations of Miller's constitutional rights, Miller suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, and damages to his reputation.

71.    Miller exercised his rights, or attempted to do so, under the United States Constitution.

72.    Defendant Kelley deprived Miller of his rights guaranteed by the United States Constitution and federal statutes.

73.    As a direct and proximate result of the foregoing, Defendant Kelley, individually and as an agent and/or employee of Prairie View City Police Department, deprived Miller of his rights and privileges as a citizen of the United States, and Defendant Kelley caused Miller to suffer injury of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

## Count II

## Michael Kelley – Assault and Battery

Plaintiff re-alleges Paragraphs 1-56 of the Complaint.

77.    On or about October 8, 2015, Defendant Kelley committed a battery upon Miller when he intentionally, knowingly, and/or recklessly placed his hands on Miller to toss Miller onto the ground.

9

78.    On or about October 8, 2015, Defendant Kelley committed an assault upon Miller intentionally, knowingly, and/or recklessly put his hands on Miller and slammed Miller onto the ground,

79.    On or about October 8, 2015, Defendant Kelley committed an assault upon Miller when he intentionally, knowingly, and/or recklessly pointed a Taser gun at Miller.

80.    On or about October 8, 2015, Defendant Kelley, committed an assault on Miller when he intentionally, knowingly, and/or recklessly and as Kelley shot Miller with electrical currents from barbs released from a taser gun into Miller's back and as Miller kneeled on the ground with his back turned to Kelley and as he screamed and writhed in pain on the ground.

81.    On or about October 8, 2015, Defendant Kelley committed several assaults.

when he intentionally, knowingly, and/or recklessly handled Miller in a rough and combative manner.

82.    At no time was Defendant Kelley privileged to take the actions he did as such force was not necessary under the circumstances.

83.    As a direct and proximate result of the foregoing, Defendant Kelley, individually and as an agent and/or employee of Prairie View City Police Department, assaulted and battered Miller, and Defendant Kelley caused Miller to suffer injury, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

84.    The claims and causes of action for injuries to the health, reputation, and person sustained by Jonathan Miller are brought in this action as an alternative pendent state law claim pursuant to Texas Civil Practices and Remedies Code.

10

.

## Count III

### Michael Kelley – Willful and Wanton – Official Oppression

Plaintiff re-alleges Paragraphs 1-56 of the Complaint.

87.    On Or about January 25, 2016, Kelley is indicted by the Waller County Grand Jury for Official Oppression after using a taser gun on Miller.

88.    Prior to October 8, 2015, Defendant Kelley July 10, 2015, Prairie View City Police Department, knew or should have known that Defendant Kelley exhibited a pattern of escalating encounters with the public.

89.    On October 8, 2015, Defendant Kelley acted under color of law.

90.    In the events alleged above, Defendant Kelley acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Miller of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

91.    The above-described acts and omissions by Defendant Kelley

demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Miller.

92.    As a result of Defendant Kelley's violations of Miller's constitutional rights, Miller

.

suffered injuries, including but not limited to physical injury, pain and suffering, mental anguish, and damages.

93.    Jonathan Miller exercised his rights, or attempted to do so, under the United States Constitution.

94.    Defendant Kelley deprived Miller of his rights guaranteed by the United States Constitution and federal statutes.

95.    As a direct and proximate result of the foregoing, Defendant Kelley individually and as an agent and/or employee of City of Prairie View Police Department deprived Miller of his rights and privileges as a citizen of the United States, and Defendant caused Miller to suffer injury, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

## Count IV

**City of Prairie View Police Department – Vicarious Liability for Michael Kelley's Willful and Wanton Conduct – Official Oppression**

Plaintiff re-alleges Paragraphs 1-56 of the Complaint.

96.    Prior to October 8 2015, Defendant City of Prairie View Police Department knew or should have known that Defendant exhibited a pattern of escalating encounters with the public.

97.    Prior to October 8, 2015, Defendant Prairie View Police Department knew or should have known that Defendant Michael Kelley was delinquent in state mandated training(s) for peace officers use of Taser weapons.

12

98.     On October 8, 2015, Defendant Kelley was an agent and/or employee of the City of Prairie View Police Department.

99.     In the events alleged above, Defendant the City of Prairie View Police Department, by and through its agent and/or employee, Defendant Kelley, acted contrary to law, and intentionally and unreasonably deprived Miller of his rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

100.     Prior to October 8, 2015, and at all times relevant, Defendant Prairie View Police Department was responsible for training its law enforcement officers, including but not limited to Defendant Kelley with regard to the proper use of taser weapons and when the use of such weapons are warranted and/or legal, but failed to fully, adequately, and properly do so.

101.     Prior to October 8, 2015, and at all times relevant, Defendant City of Prairie View Police Department failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as City of Prairie View Peace Officers, including but not limited to, Defendant Kelley.

102.     The above-described acts and omissions by Defendant Prairie View Police Department demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Miller.

103.     As a result of the violations of Miller's constitutional rights by Defendant Prairie View Police Department, through its agent and/or employee, Defendant Kelley and his afore-described willful and wanton conduct, Miller suffered substantial injury and damages.

13

104.    Defendant the Prairie View Police Department, by and through its agent and/or

employee, Defendant Kelley, deprived Miller of his rights guaranteed by the United States

Constitution and federal statutes.

105.    As a direct and proximate result of the foregoing conduct, Defendant Prairie View

Police Department, by and through its agent and/or employee, Defendant Kelley, deprived

Miller of his rights and privileges as a citizen of the United States, and caused Miller to

suffer injury, of which has caused the general damages requested by Plaintiff in an amount

in excess of the applicable jurisdictional amount, to be proven at trial.

106.    The claims and causes of action for injuries to the health, reputation and person

sustained by   Miller are brought into this action pursuant to the Texas Civil Practices

Remedy Code,

## Count V

### Penny Goodie – 42 U.S.C. § 1983

.

Plaintiff re-alleges Paragraphs 1-56 of the Complaint.

108.    On October 8 - 9, 2015, Defendant Penny Goodie acted under color of law.

14

109　　In the events alleged above, Defendant Goodie acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived  Miller of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

110　　The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of  Miller.

111　　On or about October 8, - 9, 2015, at various points in time,  Goodie failed to protect Miller from unlawful behavior of which she "on viewed' criminal activity being engaged in by another law enforcement officer resulting in violation of Miller's constitutional rights..

112　　On or about October 8, 2015, Goodie allowed Miller to be tasered unlawfully by Kelley when she had opportunity to do prevent it or protect Miller, but refused to do so when she knew that such actions by Kelley were unlawful in violation of Miller's constitutional rights.

113　　On or about October 8, 2015,  Goodies' actions were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of  Miller by failing to keep him free from injury and  harm.

114　　As a direct and proximate result of the foregoing, Defendant  Goodie individually and as an agent and/or employee of  Prairie View City Police Department, deprived  Miller of his rights and privileges as a citizen of the United States, and caused Miller to suffer injury, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

15

## Count VI

## Penny Goodie – Willful and Wanton – Aiding and Abetting

Plaintiff re-alleges Paragraphs 1-56 of the Complaint

115.    On October 8 -9, 2015, Defendant Penny Goodie acted under color of law.

116    In the events alleged above, Defendant Goodie acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Jonathan Miller of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

117.    On or about October 8 - 9, 2015, Defendant Goodie, neglected her duties as a City of Prairie Police Officer when she witnessed a crime being committed by law enforcement officer Kelley against Miller and did nothing to assist or attempt to prevent such a crime from occurring when she could have done so in violation of Millers constitutional rights.,

118    On or about October 8 - 9, 2015, Defendant Goodie aided and abetted Kelley in violating Jonathan Miller's constitutional rights when she failed to prevent Kelley's actions that she knew or should have known were in violation of Miller's constitutional rights;

119    As a result of Defendant Goodies' violations of Miller's constitutional rights, Miller suffered injuries, including but not limited to physical injury, pain and suffering, mental anguish, and damages.

120    Miller exercised his rights, or attempted to do so, under the United States Constitution.

121    Defendant Goodie deprived Miller of his rights guaranteed by the United

16

States Constitution and federal statutes.

122    As a direct and proximate result of the foregoing, Defendant Goodie individually and as an agent and/or employee of City of Prairie View Police Department deprived Miller of his rights and privileges as a citizen of the United States, and Defendant Goodie caused Miller to suffer injury, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

**Count VII**

**City of Prairie View Police Department – Vicarious Liability for Penny Goodies' Willful and Wanton Conduct –  Aiding and Abetting**

Plaintiff re-alleges Paragraphs 1-56 of the Complaint.

123.    On October 8, 2015, Defendant Penny Goodie was an agent and/or employee of the City of Prairie View Police Department.

124.    In the events alleged above, Defendant the City of Prairie View Police Department, by and through its agent and/or employee, Defendant Goodie, acted contrary to law, and intentionally and unreasonably deprived  Miller of his rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

125.    Prior to October 8, 2015, and at all times relevant, Defendant Prairie View Police Department  was responsible for training its law enforcement officers, including but not limited

17

to Defendant Goodie with regard to the proper use of taser weapons and when the use of such weapons or warranted and/or legal, but failed to fully, adequately, and properly do so.

126. Prior to October 8, 2015, and at all times relevant, Defendant City of Prairie View Police Department failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as City of Prairie View Peace Officers, including but not limited to, Defendant Goodie.

127. The above-described acts and omissions by Defendant the Prairie View Police Department demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Miller.

128. As a result of the violations of Miller's constitutional rights by Defendant Prairie View Police Department, through its agent and/or employee, Defendant Goodie and her afore-described willful and wanton conduct, Miller suffered substantial injury and damages.

129. Miller exercised his rights, or attempted to do so, under the United States Constitution.

130. Defendant the Prairie View Police Department, by and through its agent and/or employee, Defendant Goodie, deprived Miller of his rights guaranteed by the United States Constitution and federal statutes.

131. As a direct and proximate result of the foregoing conduct, Defendant Prairie View Police Department, by and through its agent and/or employee, Defendant Goodie, deprived Miller of his rights and privileges as a citizen of the United States, and caused Miller to suffer injury, of

18

which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

132.    The claims and causes of action for injuries to the health, reputation and person sustained by Miller are brought in this action pursuant to the Texas Civil Practices Remedy Code,

**Count VIII**

.

**City of Prairie View – Vicarious Liability for Defendants Michael Kelley and Penny Goodie's Willful and Wanton Conduct**

Plaintiff re-alleges Paragraphs 1-56 of the Complaint.

133.    On October 8, 2015, Defendant Michael Kelley was an agent and/or employee of City of Prairie View through her employment at the Prairie View City Police Department.

134.    On October 8, 2015, Defendant Penny Goodie was an agent and/or employee of City of Prairie View through her employment at the Prairie View City Police Department.

135.    In the events alleged above, City of Prairie View, by and through its agents and/or employees, Defendant  Kelley, Defendant Goodie, and others, acted contrary to law, and intentionally and unreasonably deprived  Miller of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

19

136.    The above-described acts and omissions by these Defendants and others, demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Miller.

137.    On or about October 8 -October 9, Kelley and Goodie were inadequately trained on the procedures for recognition, supervision, , and the proper use of taser weapons, de-escalation training and the constitutional rights of citizens in their right to when witness police detention in violation of 42 U.S.C. § 1983

138.    As a result of the violation of Miller's constitutional rights by Prairie View City Police Department's agents and/or employees Defendants Kelley, Goodie and others, Miller suffered substantial injury damages and violation of his constitutional rights.

139.    On or about October 8 - 9 2015, City of Prairie View personnel, including but not limited to Defendants Kelley, Defendant Goodie, and others, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Miller in failing to keep him free from injury, harm, in violation of his constitutional rights.

140.    Defendant City of Prairie View, by and through its agents and/or employees, Defendant Kelley, Defendant Goodie, and others deprived Miller of his rights guaranteed by the United States Constitution and federal statutes.

141.    As a direct and proximate result of the foregoing, Defendant City of Prairie View, by and through its agents and or employees, including Defendant Kelley, Defendant Goodie, and others, deprived Miller of his rights and privileges as a citizen of the United States, and caused Miller to

20

suffer injury, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

## Damages

142.   Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

143.   Plaintiff suffered compensatory, special, and punitive damages for the following:

    a.   Extreme mental anguish and emotional distress as a result of being falsely arrested, physically assaulted, and battered by Defendant Michael Kelley;

    b.   Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Kelley subjected Plaintiff;

    c.   Violation of Plaintiff's civil rights by Defendants Michael Kelley, Pennie Goodie, Prairie View City Police Department, City of Prairie View, and

    d.   Punitive damages for egregious acts and omissions of Defendants Michael Kelley, Pennie Goodie, Prairie View City Police Department, City of Prairie View, and

144.   Plaintiff is entitled to attorney's fees for litigation of this matter.

145. Plaintiff requests and is entitled to a trial by jury.

21

**Prayer for Relief**

Jonathan Miller on behalf of himself, prays that for judgment on his behalf and against all defendants jointly, severally, and in solido, as follows:

a.  Compensatory, special, and punitive damages;

b.  The cost of this action and reasonable attorney fees as provided by 42 U.S.C. § 1983;

c.  Judicial interest from date of judicial demand;

d.  Trial by jury; and

e.  Such further relief as this Court deems just and equitable.

45

Respectfully Submitted,

Counsel for Plaintiff

Paula Robnett,

Texas Bar #00794923
Federal Bar # 433543
robnettlawfirm@gmail.com

PAULA S. ROBNETT
10101 SW Freeway Suite 400
Houston, Texas 77074
        (432)212-1425

22